IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER CVIJIC**,<br>6925 Hunt Drive<br>Macungie, PA 18062<br>*Resident of Lehigh County*<br><br>and<br><br>**SPENCER MCLAUGHLIN,**<br>244 Woodbridge Road<br>Clifton Heights, PA 19018<br>*Resident of Delaware County*<br><br>***Individually and on Behalf of<br>    Other Similarly Situated Employees*,**<br><br><br>                  Plaintiffs;<br>vs.<br><br>**CAESARS ENTERTAINMENT, INC.**,<br>One Caesars Palace Drive<br>Las Vegas, NV 89109<br><br><br><br>                  Defendant. | Case No.:<br><br><br><br>**COLLECTIVE/CLASS COMPLAINT**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED<br><br>Filed on behalf of Plaintiffs:<br>CHRISTOPHER CVIJIC,<br>SPENCER MCLAUGHLIN, &<br>THE PUTATIVE COLLECTIVE/CLASS<br><br><br>Co-Counsel of Record for these Parties:<br>Steven Auerbach, Esquire, LL.M.<br>Law Office of Steven T. Auerbach<br>822 Montgomery Ave.<br>Suite 210<br>Narberth, PA. 19072<br>Ph:  (215) 964-4410<br>Fax: (215) 613-0890 |

Auerbach.Steven@gmail.com
Pa. I.D. #317309

Co-Counsel of Record for these Parties:
Harold Goldner, Esquire
Friedman Schuman, P.C.
275 Commerce Dr.
Suite 210
Fort Washington, PA 19034
Ph:     (215) 392-6944
Fax:    (215) 635-7212
HGoldner@fsalaw.com
Pa. I.D. #32367

## TABLE OF CONTENTS

Page

INTRODUCTION ………………………………………………………………………………… 1

PARTIES ……………………………………………………………………………………….. 3

JURISDICTION AND VENUE …………………………………………………………………… 5

FACTUAL ALLEGATIONS FOR ALL CLAIMS ……………………………................…….. 6

FLSA Collective Action Allegations  ……………………………………….……………….. 7

Class Action Under Pennsylvania Wage Laws …………………………………………..….. 8

CAUSES OF ACTION ………………………………………………………..….…………...… 12

    A.  Count I. FLSA: Failure to Pay Minimum Wage ……………………….….…..………12

    B.  Count II. PaMWA: Failure to Pay Minimum Wage ……………..…………………..…. 12

    C.  Count III. PaWPCL: Failure to Pay Wages at the End of Employment …………..…..  13

PRAYER FOR RELIEF ……………………………………………………………….……..……… 14

DEMAND FOR TRIAL BY JURY ………………………………………………….................…… 16

EXHIBIT ………….……….…………………………………………………………………….…. 17

    A.  Party Consents …………..……….…………………………………………….……… 18

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER CVIJIC, et al., on behalf of themselves and of all others similarly situated,<br>　　　　　　　Plaintiffs; <br><br>vs.<br><br>CAESARS ENTERTAINMENT, INC.,<br>　　　　　　　Defendant. | Case No.:<br><br>COLLECTIVE/CLASS COMPLAINT |

## I. COLLECTIVE AND CLASS ACTION COMPLAINT FOR WAGES OWED

Plaintiffs, Christopher Cvijic[1] ("Cvijic") and Spencer McLaughlin ("McLaughlin"), on behalf of themselves and of all others similarly situated, by and through their undersigned counsel, the Law Office of Steven T. Auerbach and Friedman Schuman, P.C., hereby files this complaint against their former employer, Defendant Caesars Entertainment, Inc. ("Defendant") to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (the "FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*. (the "PaMWA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 2601.1, *et seq*. (the "PaWPCL"), and in support thereof, aver the following:

## II. INTRODUCTION

1. The FLSA and the PaMWA require employers to pay their employees at least the minimum wage for all hours in which they worked. The PaWPCL further requires employers to timely pay these minimum wages (and all other wages owed) after the conclusion of the employment relationship.

---

[1] Pronounced, "Sa-veech."

2. Plaintiffs' claims, and those of similarly-situated current and former employees, arise out of Defendant's failure to pay its casino employees for all hours in which they worked.

3. Since 2019[2], Defendant used a time clock that penalized its casino floor employees who "clocked-out" after having worked more than eight (8) hours. Despite having worked more than eight (8) hours, employees would only be credited as if they worked seven (7) hours and forty-five (45).

4. To illustrate: were an employee to clock-out after having worked eight (8) hours and six (6) minutes, his/her compensation would be reduced by twenty-one (21) minutes.

5. Within the past three (3) years, this has happened to hundreds of Defendant employees at its Chester, Pennsylvania casino ("Harrah's")-- including Cvijic and McLaughlin-- on thousands of occasions.

6. Within the past three (3) years, Defendant has also forced many of its employees at Harrah's-- including Cvijic and McLaughlin-- to perform work for which they were not compensated. This included performing post-shift card/dice inventories, providing post-shift assistance with jackpots, and participating in mandatory off-the-clock trainings.

7. As such, Defendant employees had to perform work for which there was no accurate means of capturing their time and for which they were not fully compensated for their efforts.

8. Under the FLSA's opt-in mechanism, Cvijic and McLaughlin file this present action in a representative capacity on behalf of themselves and on the behalf of other, similarly-situated current and former employees. Preliminarily, they seek this Court's assistance in notifying potentially-affected individuals about this case in order to give them a chance to participate and redress the above wrongs.

---

[2] The claims are limited to three (3) years.

## III. PARTIES

9. Plaintiff, Cvijic is an adult citizen of the United States and is a resident of Macungie, Pennsylvania.

10. Plaintiff, McLaughlin is an adult citizen of the United States and is a resident of Clifton Heights, Pennsylvania.

11. Defendant, Caesars Entertainment, Inc. is a Delaware corporation, that is headquartered in Nevada, and operates the Harrah's Philadelphia Casino and Racetrack in Chester, Pennsylvania.

12. Defendant is subject to the FLSA and the PaMWA due to the amount of annual revenues in which it generates. Defendant's annual dollar volume of business exceeds $500,000.00. https://investor.caesars.com/news-releases/news-release-details/caesars-entertainment-inc-reports-second-quarter-2021-results (Defendant's Q2 2021 net revenue was $2,500,000,000.00)

13. At all times relevant to this complaint, Cvijic and McLaughlin engaged in interstate commerce by the nature of the duties they performed as part of their employment with Defendant.

14. Cvijic and McLaughlin worked for Defendant, who, at all times throughout their employment, fell within the definition of the term "employer" under FLSA, 29 U.S.C. § 203(d) and the PaMWA, 43 P.S. § 333.103(g).

15. While working as a dual-rate supervisor, supervisor, and/or as a dual-rate assistant shift manager ("DRASM") for Defendant, Cvijic, McLaughlin, and other similarly situated employees should have, at all times, received at least the minimum wage for all hours in which they worked.

16. From approximately February 1, 2019 through September 30, 2022, Cvijic was employed with Defendant as a supervisor and/or as a DRASM.

17. From approximately January 2012 through January 2021, McLaughlin was employed with Defendant as a dealer and/or as a dual-rate supervisor.

18. At all times relevant to this complaint, Defendant and/or its agents controlled the administration of its business and set employee schedules, including the schedules of Cvijic, McLaughlin, and other similarly situated employees.

19. Defendant was actively engaged in the management and direction of Cvijic, McLaughlin, and other similarly situated employees.

20. Defendant controlled and supervised the work that Cvijic, McLaughlin, and other similarly situated employees performed.

21. Defendant possessed and exercised the authority to determine the hours worked by Cvijic, McLaughlin, and other similarly situated employees.

22. Defendant had and exercised the authority to control Cvijic and McLaughlin's tasks and the tasks of other similarly situated employees and the manner in which those tasks were to be completed.

23. Defendant had the power and authority to change assignments of Cvijic, McLaughlin, and other similarly situated employees and the course of Cvijic and McLaughlin's duties and the duties of other similarly situated employees.

24. Defendant made all decisions relating to Cvijic and McLaughlin's rate and method of pay.

25. Cvijic, McLaughlin, and the members of the putative Collective/Class recognized Defendant's authority and obeyed Defendant's instructions.

26. At all times relevant to this action, Cvijic and McLaughlin were "employees" of Defendant within the meaning of the FLSA, the PaMWA, and the PaWPCL.

27. At all times relevant to this action, Cvijic and McLaughlin were not "student learners," "apprentices," "learners," "full-time students," "messengers," or "disabled employees" within the meaning of the FLSA, the PaMWA, and the PaWPCL.

## IV. JURISDICTION AND VENUE

28  Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States and seeks redress for violations of the FLSA, a federal law.

29. Discretionary supplemental jurisdiction over Cvijic and McLaughlin's state law claims is provided by 28 U.S.C. § 1367(a). The state law claims form part of the same case or controversy and derive from the same common nucleus of operative facts on which Cvijic and McLaughlin's federal claims are based. Furthermore, no reasons exist that would require this Honorable Court to decline jurisdiction. The state law claims do not raise novel or complex issues of state law, do not substantially predominate the claims over which this Honorable Court has original jurisdiction, and no exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. § 1367(c).

30. This Court may properly maintain personal jurisdiction over Defendant because its contact with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction, complying with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S, 310 (1945), and its progeny.

31.     Cvijic, McLaughlin, and the putative Collective/Class, are current or former employees of Defendant who worked at Harrah's- thus satisfying the territorial standard for "opt-in" FLSA plaintiffs set forth by the Third Circuit in *Fischer, et al. v. Federal Express Corp, et al.* PICS No. 21-1683 (3d Cir. 2022).

32.     Pursuant to 28 U.S.C. §§ 1391(b)(2), venue is appropriate as most if not all of the unlawful acts central to this matter occurred within Chester, Pennsylvania.

## V. FACTUAL ALLEGATIONS FOR ALL CLAIMS

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Cvijic, McLaughlin, and other similarly situated employees (collectively, the "Class/Collective") worked as dual-rate supervisors, supervisors, and/or as DRASMs for Defendant.

35.     During the course of their employment with Defendant, the Class/Collective existed under the terms of a written or implied contract that obligated Defendant to pay earned wages for all hours in which the Class/Collective worked.

36.     On thousands of occasions within the past three (3) years, the Class/Collective performed useful service worthy of an expectation of compensation by performing the duties of dual-rate supervisors, supervisors, and as DRASMs despite not being fully-compensated for their efforts.

37.     This work was performed with the knowledge and approval of Defendant who willfully attempted to prevent its casino floor employees from earning overtime, required them to remain on premises during the entirety of their shifts, and frequently required its employees to prematurely end their breaks in order to open tables for high net worth customers or to assist other employees with jackpots.

38. At all times relevant hereto, the Class/Collective was required to log their hours worked while on the casino floor through a timeclock that did not accurately capture the hours in which they worked and downwardly-modified their time.

39. In order to minimize the extent of this willful downward modification and to avoid running afoul of Defendant's anti-overtime efforts, the Class/Collective was encouraged to clock-out several minutes before the scheduled end of their shift and then to continue working.

40. The Class/Collective was required to remain on premises after clocking-out in order to assist other employees with performing post-shift card/dice inventories and.

41. The Class/Collective was required to attend mandatory trainings while at home and were given no opportunity to log their hours and be compensated for their time.

## VI. FLSA COLLECTIVE ACTION ALLEGATIONS

42. The Class/Collective worked as dual-rate supervisors, supervisors, and/or as DRASMs for Defendant.

43. The FLSA requires employers to pay at least the minimum wage for all hours worked.

44. Defendant knew or should have known that the Class/Collective typically and customarily work hours for which they were not compensated. Defendant suffered or permitted the Class/Collective to work without being fully paid.

45. Defendant knew or should have known that the Class/Collective are entitled to be compensated for all hours in which they worked.

46. Pursuant to the FLSA, Cvijic and McLaughlin commence this collective action against Defendant on behalf of themselves and those similarly situated for the payment of wages owed.

47. Cvijic and McLaughlin consent to be party plaintiffs in this matter. Cvijic and McLaughlin's consent forms are attached to this complaint as Exhibit 1. It is likely that other

individuals will join Cvijic and McLaughlin during the litigation of this matter and will file written consents to "opt-in" to this collective action.

48. There are numerous similarly situated current and former employees of Defendant that have been harmed by Defendant's common policy of failing to fully compensate its employees thereby violating the FLSA.

49. These similarly situated persons are known to Defendant and are readily identifiable through Defendant's records.

50. Many of these similarly situated employees would benefit from the issuance of a court-supervised notice, granting them the opportunity to join this lawsuit.

51. Upon information and belief, other similarly situated employees will choose to join Cvijic and McLaughlin in this action against Defendant and will "opt in" to this lawsuit to recover unpaid wages and other available relief.

## VII. CLASS ACTION UNDER PENNSYLVANIA WAGE LAWS

52. Cvijic and McLaughlin bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other current and former employees that served as dual-rate supervisors, supervisors, and/or as DRASMs for Defendant and were subject to the following practices and policies: failure to pay wages under the PaMWA.

53. The Class Cvijic seeks to represent, as a former supervisor and DRASM, is defined as:

*Cvijic's PaMWA Class*

> All individuals who are or were employed by Defendant at its Chester, Pennsylvania location as a supervisor and/or DRASM for any period ranging from the **Date of Filing of Complaint minus 3 years** to the present and who were not paid for all hours in which they worked in violation of the PaMWA.

*Cvijic's PaWPCL Class*

> All individuals who were, but are no longer, employed by Defendant at its Chester, Pennsylvania location as a supervisor and/or DRASM for any period ranging from the **Date of Filing of Complaint minus 3 years** to the present and who were not paid for all hours in which they worked in violation of the PaMWA, and thus did not receive all wages owed to them before the termination of their employment with Defendant in violation of the PaWPCL.

54.   The Class McLaughlin seeks to represent, as a former dual-rate supervisor, is defined as:

*McLaughlin's PaMWA Class*

> All individuals who are or were employed by Defendant at its Chester, Pennsylvania location as a dual-rate supervisor for any period ranging from the **Date of Filing of Complaint minus 3 years** to the present and who were not paid for all hours in which they worked in violation of the PaMWA.

*McLaughlin's PaWPCL Class*

> All individuals who were, but are no longer, employed by Defendant at its Chester, Pennsylvania location as a a dual-rate supervisor for any period ranging from the **Date of Filing of Complaint minus 3 years** to the present and who were not paid for all hours in which they worked in violation of the PaMWA, and thus did not receive all wages owed to them before the termination of their employment with Defendant in violation of the PaWPCL.

55.   Cvijic and McLaughlin reserve the right to modify or amend the Class definition, including the addition of one or more subclasses, after having the opportunity to conduct discovery.

56.   *Numerosity*: The individuals in the Class are sufficiently numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, upon information and belief, the Class includes hundreds of dual-rate supervisors, supervisors, and/or as DRASMs who are readily identifiable through Defendant's pay records. Consequently, numerosity exists.

57.   *Commonality*: There are questions of law and fact common to the Classes. Among the common questions of law and fact applicable to Cvijic and McLaughlin and the Classes are:

    a. Whether the PaMWA Classes are similarly situated because they all performed the same basic duties and were subject to Defendant's common policy and practice of not fully compensating them for all hours in which they worked;

    b. Whether Defendant employed the PaMWA Classes within the meaning of the PaMWA;

    c. Whether Defendant violated the PaMWA by failing to pay Cvijic, McLaughlin and the Classes for all hours in which they worked for Defendant;

    d. Whether Defendant's violations of the the PaMWA were willful;

    e. Whether Defendant employed the PaWPCL Classes within the meaning of the PaWPCL;

    f. Whether Defendant failed to provide Cvijic, McLaughlin, and other members of the PaWPCL Classes with all wages due at the time their employment ended in violation of the PaWPCL;

    g. Whether Defendant's violations of the PaWPCL were willful; and

    h. Whether Defendant is liable for damages claimed herein, including but not limited to, unpaid wages, liquidated damages, interest, costs and attorneys' fees.

58. *Typicality*: Cvijic and McLaughlin's claims are typical of those of the Classes. Specifically, each and every class member of both the PaMWA Classes and the PaWPCL Classes worked as a dual-rate supervisors, supervisors, and/or as DRASMs for Defendant and was assigned to work at Harrah's. Each and every PaMWA Class member was required to work. Each and every class member was not paid for all of the hours in which they worked. As a result, each and every class member suffered the same harm. This further resulted in Defendant's subsequent failure to pay Cvijic, McLaughlin, and other members of the PaWPCL Classes all wages owed to them at the conclusion of their employment, and this constitutes a violation of both the PaMWA and the PaWPCL.

59. *Adequacy*: Cvijic and McLaughlin will fully and adequately protect the interests of the Classes. They seek the same recovery as the Class, predicated upon the same violations of the law and the same damage theory. Cvijic and McLaughlin have also retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Cvijic, McLaughlin, and their counsel have no interests that are contrary to, or conflicting with, the interests of the Class.

60. *Predominance*: The common issues of law and fact predominate over any individual issues. Each Class member's claim is controlled by Pennsylvania's wage and hour statutory scheme and one set of facts. This is based on Defendant's failure to pay wages as required by the PaMWA and its subsequent failure to pay all wages due at the end of an individual's employment as required by the PaWPCL. Similarly, the damages are easily certifiable in that Defendant's records will provide the amount and frequency with which each Class member was paid. The amount of time each class member worked should also be available through Defendant's surveillance records.

61. This action is maintainable as a class action. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes. This would establish incompatible standards of conduct for Defendant. If they were to pursue their claims separately, the numerous adjudications that would be required to protect the individual interests of the Class members would constitute a drain and burden on judicial resources. Accordingly, the Court should certify the proposed classes.

**COUNT I: CHRISTOPHER CVIJIC, et al. v. CAESARS ENTERTAINMENT, INC.**
**FLSA- Unpaid Minimum Wage**
(Cvijic, McLaughlin, & Opt-in Plaintiffs)

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. Cvijic, McLaughlin, and those employees similarly situated are entitled to be compensated for all hours in which they worked for Defendant as dual-rate supervisors, supervisors, and/or as DRASMs for Defendant at Harrah's.

64. As described above, Defendants failed to properly compensate Cvijic, McLaughlin, and others for all the hours in which they worked.

65. Defendant willfully and intentionally failed to compensate Cvijic, McLaughlin, and others for all the hours in which they worked. There is no bona fide dispute that Cvijic, McLaughlin, and others similarly situated are owed wages for work performed for Defendant.

**COUNT II: CHRISTOPHER CVIJIC, et al. v. CAESARS ENTERTAINMENT, INC.**
**PaMWA- Unpaid Minimum Wage**
(Cvijic, McLaughlin, & Classes)

66. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

67. Cvijic, McLaughlin, and those employees similarly situated are entitled to be compensated for all hours in which they worked for Defendant as dual-rate supervisors, supervisors, and/or as DRASMs for Defendant at Harrah's.

68. As described above, Defendants failed to properly compensate Cvijic, McLaughlin, and others for all the hours in which they worked.

69. Defendant willfully and intentionally failed to compensate Cvijic, McLaughlin, and others for all the hours in which they worked. There is no bona fide dispute that Cvijic, McLaughlin, and others similarly situated are owed wages for work performed for Defendant.

**COUNT III: CHRISTOPHER CVIJIC, et al. v. CAESARS ENTERTAINMENT, INC.**
<u>**PaWPCL- Failure to Pay Wages at End of Employment**</u>
(Cvijic, McLaughlin, & Classes)

70. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71. Cvijic, McLaughlin, and the putative Class members operated under a written or implied contractual relationship with Defendant where Cvijic, McLaughlin, and the putative Class members were to render useful services worthy of an expectation of compensation and Defendant was to fully compensate Cvijic, McLaughlin, and the putative Class members for these services.

72. Cvijic, McLaughlin, and the putative Class members performed such services with knowledge and approval of Defendant.

73. Mr. Cvijic and putative Class members have not received compensation from Defendant for all wages owed for work performed in accordance with the PaWPCL.

74. Cvijic, McLaughlin, and the putative Class members are entitled to wages under the PaWPCL, 43 P.S. § 260.3, which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid their wages.

75. Defendant wilfully and intentionally withheld from Cvijic, McLaughlin, and all members of the PaWPCL Classes the wages owed to them, even after Cvijic, McLaughlin, and others informed Defendant's of the violation.

76. All members of the PaWPCL Class are similarly situated to Cvijic, McLaughlin, and have suffered the same harm resulting from the same policies and practices complained of in this complaint.

77. Under the PaWPCL, there is no bona fide dispute that Cvijic, McLaughlin, and all members of the PaWPCL Classes are owed additional wages for work performed while employed by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Cvijic and McLaughlin, on behalf of themselves and others similarly situated, prays for the following relief:

a. In accordance with 29 U.S.C. § 216(b), designation of this action as a collective action of behalf of Cvijic, McLaughlin, and those similarly situated;

b. In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a Pennsylvania state law class action on behalf of Cvijic, McLaughlin, and all members of the proposed Classes;

c. Ordering Defendant's to disclose in electronic format, the names, addresses, cell phone numbers, and emails of all those individuals who are or were similarly situated and permitting Cvijic and McLaughlin to send notice of this action to all those similarly situated individuals;

d. Designating Cvijic and McLaughlin to act as Class representative on behalf of all similarly situated employees for both the FLSA and Pennsylvania state law Classes;

e. Judgment against Defendant for its failure to pay Cvijic, McLaughlin, and those similarly situated, in accordance with the stands set for by the FLSA;

f. Judgment against Defendant for its failure to pay Cvijic, McLaughlin, and other members of the PaMWA Class, all those appropriately joined to this matter in accordance with the standards set forth by the PaMWA;

g. Judgment against Defendant for its failure to pay Cvijic, McLaughlin, and other members of the PaWPCL Class, all those appropriately joined to this matter in accordance with the standards set forth by the PaWPCL;

h. Judgment against Defendant and classifying conduct as willful, not in good faith and that it was not the result of a bona fide dispute, with respect to failing to pay wages for all hours worked under the FLSA and the PaMWA;

i. Judgment against Defendant and classifying Cvijic, McLaughlin, and the Classes as employees entitled to protection and compensation under the FLSA, the PaMWA, and the PaWPCL;

j. An award against Defendant for the amount of unpaid wages owed to Cvijic, McLaughlin, members of the Collective, members of the PaMWA Class and all those appropriately joined to this matter;

k. An award against Defendant for the amount of unpaid wages owed to Cvijic, McLaughlin, members of the Collective, members of the PaWPCL Class and all those appropriately joined to this matter;

l. An award of liquidated damages equal to the total amounts of unpaid wages owed to Cvijic, McLaughlin, members of the Collective, members of the Classes, and all those appropriately joined to this matter, whichever is deemed just and equitable by this Honorable Court;

m. An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interest, to be satisfied in full by Defendant;

n. Leave to add additional Plaintiffs by motion, through the filing of written consent forms, or any other method approved by this Honorable Court; and

o. All further relief deemed just and equitable by this Honorable Court.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

| **LAW OFFICE OF STEVEN T. AUERBACH** | **FRIEDMAN SCHUMAN, P.C.** |
|---|---|
| By: */s/ Steven Auerbach*<br>Steven Auerbach, Esquire, LL.M.<br>822 Montgomery Ave.<br>Suite 210<br>Narberth, PA 19072<br>(215) 964-4410<br>Auerbach.Steven@gmail.com | By: */s/ Harold Goldner*<br>Harold Goldner, Esquire<br>275 Commerce Dr.<br>Suite 210<br>Fort Washington, PA 19034<br>(215) 392-6944<br>HGoldner@fsalaw.com |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* |
| Dated: March 3, 2023 | Dated: March 3, 2023 |