IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER CVIJIC and SPENCER McLAUGHLIN, individually and on behalf of other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>CHESTER DOWNS AND MARINA, LLC d/b/a HARRAH'S PHILADELPHIA CASINO AND RACETRACK,<br><br>Defendant. | Civil Action No. 5:23-cv-00816<br><br>HON. JEFFREY L. SCHMEHL |

[PROPOSED]

## ORDER OF COURT

Named Plaintiffs Christopher Cvijic and Spencer McLaughlin move for approval of a proposed collective action settlement in which Defendant Chester Downs and Marina, LLC will pay a gross sum of $20,000 in exchange for releases of Plaintiffs' claims under the Fair Labor Standards Act and Pennsylvania wage payment laws. The Plaintiffs were ultimately joined by thirty-nine additional individuals who submitted their consents to opt into the action. Plaintiffs also move for approval of awards to Plaintiffs' counsel of $8,000 in attorney fees, and litigation expenses of $402 from the gross settlement fund. Plaintiffs do not seek to certify a class under Federal Rule of Civil Procedure 23, so this proposal affects only the Named Plaintiffs and the thirty-nine additional opt-in Plaintiffs. Defendant does not oppose the motion.

Upon review of the proposed settlement and Plaintiffs' brief and accompanying materials in support of his motion, the Court makes the following findings:

1.  The proposed settlement reflects the resolution and compromise of a *bona fide* dispute regarding whether Defendant's policies or practices violated the FLSA and the extent of

any unpaid minimum or overtime wages. Defendant vigorously maintained that its wage payment policies and practices were lawful, that Plaintiffs' factual allegations were incorrect, and that numerous other substantive and procedural defenses would preclude collective action treatment or any recovery on the merits by Plaintiffs. These disputes would require further litigation and Court rulings or a jury trial to resolve.

2.   The proposed settlement is fair and reasonable for the forty-one total participating Plaintiffs under the factors set out in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The gross settlement amount is $20,000, and when the net settlement fund is divided among the plaintiffs, the average recovery is $282.88. The Plaintiffs will each receive a payment ranging from $20 to $1,025.66, depending on factors bearing on their relative prospects of being able to recover on their claims in this action and the amount of time they were credited with working within the applicable statute of limitations. These payments result in a positive recovery and avoid the risks and expenses of continued litigation, which could result in no recovery, or worse, to the Plaintiffs.

3.   The proposed settlement does not frustrate the purposes of the FLSA. The releases granted by the Plaintiffs in the agreement are reasonably limited in scope and time to the claims that were raised or could have been raised in this action. The confidentiality provision that prohibits Plaintiffs or Plaintiffs' counsel from commenting on the settlement or the action to the media is sufficiently limited and does not impair the public's access to these proceedings.

4.   The requested attorney fee of $8,000, or 40% of the gross settlement fund, is supported by application of the factors listed in *In re Diet Drugs*, 582 F.3d 524, 541 (3d Cir. 2009). Plaintiffs' counsel conducted the litigation with skill and efficiency, and the recoveries for the participating Plaintiffs are potentially in excess of Plaintiffs' probable recoveries given the

significant factual burdens and procedural hurdles awaiting them if the litigation continued. The percentage requested is in line with approved fee requests in similar cases. The request is also reasonable in light of a lodestar cross-check. Plaintiffs' counsel's attestation that 163.2 hours were recorded in litigating this case is reasonable given the stage of proceedings, the complexity of the issues, and the discovery and motions practice conducted. Plaintiffs' Counsel's hourly rates are reasonable in the Philadelphia market, and in any event, they are not actually receiving their hourly rates. The lodestar derived from Plaintiffs' counsel's hourly rates multiplied by the hours performed indicates a multiplier of 0.07 when compared to the requested fee of $8,000. Rather than a windfall, this indicates a significant opportunity cost on the part of Plaintiffs' counsel.

5. The requested reimbursement of $402 in litigation expenses is reasonable. The expenses incurred were necessary in furtherance of the litigation and are a very small percentage of the gross settlement fund.

Based on the foregoing findings, the Court ORDERS as follows:

- The proposed settlement is approved.
- The Court awards attorney fees of $8,000 to be divided between Plaintiffs' counsel.
- The Court awards litigation expenses of $402 to Steven Auerbach from the gross settlement fund.
- The parties shall allocate the net settlement fund to the participating plaintiffs in accordance with the terms of the settlement agreement and its attachments.
- The case is DISMISSED with prejudice.
- The Court shall retain jurisdiction for one year for purposes of interpretation and

enforcement of the settlement agreement.

It is SO ORDERED, this __2nd_____ day of __July_____, 2024.

                                                  By the Court,

                                                  /s/ Jeffrey L. Schmehl
                                                  Hon. Jeffrey L. Schmehl